The Court here informed the counsel they were satisfied that (631) the objections taken by the defendant's counsel were answered, and the agreement sufficiently certain; but that another objection presented itself to the Court. Upon the proofs it appears that only 18 acres out of a tract of 500 have been paid for. As a performance this seems illusory, and the Court will not decree specific performance as to these 18 acres, because it cannot be supposed that the defendant intended to sell so small a portion of that tract, but he must have contemplated a sale of some part of his land bearing a greater proportion to the whole, and ought not to be obliged to dismember the tract for the sake of selling 18 acres at $2 per acre.
Badger then contended the complainant was entitled to a decree for the repayment of purchase money advanced.
The question made by the bill and answer is (633) whether there was an agreement to sell the land, or so much thereof as the plaintiff should be able to pay for, or whether the plaintiff was put into possession and allowed to go on and improve the land in consideration of his doing the defendant's blacksmith's work.
The contract of sale, according to the plaintiff's statement, is so fully proved by five witnesses that there could be no hesitation in decreeing a specific performance if the price had been paid. The objection to the uncertainty of the agreement cannot prevail, for though it did not stipulate for any precise number of acres, yet being an executory agreement, the completion of which was referred to a (634) future act, whenever that was ascertained, viz., the ability of the party to pay, the contract became certain. A lease of land, without mentioning any term, is void for uncertainty; but a lease for so many years as J. S. should name would be good. 2 Vern., 684; Hob., 174. Whatever number of acres the plaintiff should be able to pay for, and *Page 346 
did pay for, or tender the payment, the defendant was bound to make a title for, and the Court, in a case unattended by other circumstances, would decree a specific execution for.
But there are insuperable objections to such a decree in this case, for the plaintiff, after a possession of ten or twelve years, enjoying the rents and profits, has paid but the sum of $71, which, with the charge of interest against him, would reduce the quantity of land he might claim to 18 or 20 acres. And if this were laid off so as to include his improvements, it would detach 90 acres from the tract, thereby doing to the defendant more injury than any damages which the plaintiff could recover at law. When the defendant made the agreement he must have calculated upon something like a substantial purchase on the part of the plaintiff, upon the payment for a quantity that would bear a due proportion to the whole tract, and it is incredible that he should have considered himself as incurring an obligation compelling him to convey an insignificant part of the tract, so laid off as greatly to impair the value of another considerable portion. From an inspection of the plat it seems probable that 110 acres which projects from the tract, and on the nearest part of which the plaintiff has settled, was the portion within the contemplation of the parties, for that might be laid off without destroying the unity of the tract.
This Court is not obliged to decree a specific performance, although damages might be recovered at law, but will judge from all the circumstances whether it is such an agreement as ought to be (635) carried into effect, for it would be hard to carry an agreement into execution in equity when it would be greatly to the prejudice of the party against whom it should be decreed, if a jury upon inquiry should find but very small damages. And the circumstances of this case would probably lead to such a result. It would not be right to charge the plaintiff with the rents and profits while he was in possession, for it seems to have been a part of the agreement that he should take possession and plant and build; but he is justly chargeable with interest on the purchase money. 2 Atk., 490; 3 Atk., 673; 12 Ves., 26.
The decree must be that the plaintiff recover the balance, with interest from the time the defendant obtained possession, at which period the defendant should have refunded the money paid, as he had put an end to the contract. Each party to pay his own costs at law and in equity.
Cited: Herren v. Rich, 95 N.C. 502.
 *Page 11